WILLIAM W. COTTRELL, complainant-appellant,

*v.*

MARY A. TRACY, defendant-respondent.

[Submitted May 19th, 1936.   Decided October 2d, 1936.]

*Mr. Robert Peacock,* for the complainant-appellant.

*Mr. James Mercer Davis,* for the defendant-respondent.

The opinion of the court was delivered by

WELLS, J.

This appeal is to review an order of the chancellor made August 15th, 1935, on the advice of Vice-Chancellor Davis, vacating a final decree entered March 19th, 1935, cancelling of record a chattel mortgage given by the complainant, William W. Cottrell, to the defendant, Mary A. Tracy.

No opinion was filed in the court below, which necessitates a brief statement of the facts here.

In the month of February, 1934, the complainant filed a bill in the court of chancery, setting forth that on October 6th, 1927, he executed a chattel mortgage to the defendant to secure the sum of $1,500 and that the same was fully paid and satisfied but that it had never been canceled of record; that there was no consideration for said chattel mortgage and it should be discharged; that he had made application to the defendant to discharge the same but she had refused.

The prayers for relief were that the defendant answer the bill and that a writ of subpœna issue and the defendant abide by such decree as the court might make.

A subpœna *ad respondendum* was issued and, according to the return of the sheriff of Burlington county, was duly served personally on the defendant. In default of answer, a decree *pro confesso* was taken against the defendant and the complainant was ordered to proceed to take depositions and other evidence to prove the allegations of the bill.

In complainant's affidavit, taken before the master, he said in substance that he had paid defendant $500 of the $1,500 consideration named in the chattel mortgage, that the $1,000 set forth therein as the purchase price for ten cows should not have been included because the cows were given by the defendant to complainant's wife, Mary Cottrell, who is the daughter of defendant, but at that time he (the complainant) was having financial difficulties and the defendant included the cows in the chattel mortgage to protect him in his credit.

An affidavit by the wife corroborated that of her husband.

Upon the filing of the depositions the decree cancelling of record the said chattel mortgage was entered. In about a month thereafter and long before the time for taking an appeal had expired, defendant presented to the chancellor a petition setting forth that she had not been served with a copy of a subpœna *ad respondendum* as required by law, but that the only paper served upon her was a subpœna ticket and it did not have written thereon the name of any solicitor, and that she was advised by a certain attorney-at-law, named by her, whom she consulted upon being served with said paper,

that the paper was not a good subpœna and was of no force and effect and that she need do nothing further about it, and that acting on the attorney's advice she filed no answer to the bill of complaint; and further that she had "the records of the cause examined and that it will appear from the said record that complainant has shown that the chattel mortgage was made, executed and recorded for the purpose of defrauding creditors," and that this fact would preclude the court of chancery from granting any relief to complainant; that the complainant's wife was coerced by him into making the affidavit which she signed, and that this affidavit was subsequently admitted by her to be false; and further alleging that defendant had a good, valid and meritorious defense, and that the complainant had committed a fraud upon the court as well as upon defendant by the pleadings and proof and the obtaining of the final decree in the cause.

Affidavits of the defendant and others substantiating and corroborating the allegations of the petition were presented therewith to the court, and counter-affidavits were presented by the complainant.

Upon considering all the affidavits the vice-chancellor advised the order appealed from vacating the final decree cancelling the chattel mortgage and directed that the defendant file an answer to the original bill within twenty days.

The defendant duly filed an answer and counter-claim and the complainant filed a reply thereto and, in less than a week thereafter, gave notice of his appeal to this court.

Appellant argues two reasons why the order appealed from should be set aside; first, that the sheriff's return on the subpœna was proper and that defendant did not answer in accordance with the time set therein; second, "that the vice-chancellor's order in opening said decree upon petition and affidavit and not upon hearing before said court to allow solicitor for complainant to examine the parties in open court was improper."

Taking up the second point first, it is our understanding, and appellant offers no authorities to the contrary, that by the established practice of the court of chancery, a proceeding to open and vacate a decree, whether before or after enroll-

ment, may be instituted by petition and order to show cause. *Schaffer* v. *Hurd, 98 N. J. Eq. 143; Mitchell* v. *Mitchell, 96 N. J. Eq. 29;* reversed on finding of facts only in *97 N. J. Eq. 298.*

Moreover, there is nothing in the record to indicate that the solicitor of the appellant made any application for permission to examine or cross-examine any witnesses or made any request for an oral hearing, or any objection to the procedure. On the other hand, he participated therein by the filing of counter-affidavits. It would seem ill advised, after the decision has gone against him in the court below for the complainant to complain for the first time here about the procedure there.

The first reason advanced for reversal has to do with the propriety of the vacating of the decree in order to let in the defendant's defense. It is well settled that "the court of chancery has discretionary power, even after an enrollment, to open a regular decree obtained by default for the purpose of giving the defendant an opportunity to make a defense on the merits, where he has been deprived of such defense, either by mistake or accident, or by the negligence of his solicitor." *Sanford* v. *Wellborn, 85 N. J. Eq. 577; Day* v. *Allaire, 31 N. J. Eq. 303, 315.*

In *Embury* v. *Bergamini, 24 N. J. Eq. 227,* it was held that a decree by default, after an enrollment, would be opened "for the purpose of giving a defendant an opportunity to make his defense, where such defense is meritorious, and he has not been heard in relation thereto, either through mistake, accident or surprise."

Likewise a decree may be opened on the ground of fraud. *Jones* v. *Read-Jones, 84 N. J. Eq. 479; Schaffer* v. *Hurd, supra.*

Many, if not all, of the elements of the above cited decisions are present in the instant case. The affidavits of defendant clearly established a *prima facie* meritorious defense to the complainant's suit which has not been heard. Furthermore, the vice-chancellor may well have found from the evidence, in spite of the sheriff's return to the subpœna, that the defendant had not been properly served with process.

Whether or not a final decree shall be opened is discretionary in the court of chancery, and where an order refusing to open a decree was neither an abuse of such discretion nor the result of mistake or of any imposition practiced on that court, this court will not review such order for the mere purpose of substituting its discretion for that of the court of chancery. *Williams, Jr.,* v. *Lowe, 79 N. J. Eq. 173; Pinckney* v. *Hudson County National Bank, 112 N. J. Eq. 376.*

The same principle may well be applied in the instant case to the reviewing of the order opening the decree, which was applied in the above cited cases to reviewing orders refusing to open decrees.

The order under review was neither an abuse of the court's discretion nor the result of mistake or of any imposition practiced upon the court.

Our conclusion is that the court below was fully justified in finding that there were sufficient grounds for vacating said decree cancelling the chattel mortgage, thereby giving the defendant an opportunity of making a defense on the merits.

The order vacating the said decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.