27 N.J. Super. 554 (1953)
99 A.2d 845
EDWARD A. SCHULWITZ, PLAINTIFF-RESPONDENT,
v.
CARL N. SHUSTER AND EDITH GILMAN SHUSTER, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1953.
Decided October 15, 1953.
*556 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. James S. Turp argued the cause for the plaintiff-respondent (Messrs. Turp and Coates, attorneys; Mr. Henry G.P. Coates, on the brief).
Mr. William Abbotts argued the cause for the defendants-appellants.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The subject of this appeal is the propriety of the order of the Chancery Division denying the motion of defendants, Carl N. Shuster and Edith Gilman Shuster, his wife, to re-open a judgment theretofore entered upon plaintiff's proofs when defendants failed to appear at the trial.
On November 24, 1951 the plaintiff filed his complaint to enjoin the defendants from the use of plaintiff's land, from tearing down fences erected thereon by plaintiff, and for money damages for the destruction of the fences. The summons and complaint were served upon the defendants on December 3, 1951. On October 30, 1952, the date previously set for trial, the plaintiff, his attorney and witnesses appeared, but neither the defendants nor their attorney made any appearance. The court thereupon proceeded with the trial and five witnesses testified in support of the plaintiff's case, and certain documentary evidence was admitted. At the conclusion thereof the court awarded plaintiff an injunction against the defendants and damages in the sum of $81.
On November 14, 1952 copies of the judgment and the taxed costs were served personally upon the defendants. Although the defendants' attorney, Walter P.A. Ensor, Jr., wrote to the trial judge under date of December 11, 1952 that he had given plaintiff's attorney notice of a motion for "a rehearing on the ground that the judgment was granted because of my excusable neglect," he never proceeded with such an application. On January 29, 1953 William Abbotts, Esquire, was substituted as attorney for *557 defendants. Notice of motion by defendants' attorney, William Abbotts, for relief from the judgment on the ground of the excusable neglect of their first attorney, Mr. Ensor, was mailed to plaintiff's attorney on February 2, 1953.
In considering whether there was sufficient proof before the trial court of excusable neglect to warrant re-opening the judgment, we do not deem it necessary to indulge in a detailed recital of Mr. Ensor's conduct of the litigation. Suffice it to say, that his procrastination in filing required pleadings, his failure to make important appearances in court, to file a trial brief with the court, to answer interrogatories and the deception practiced upon his clients when they queried him on several occasions, amply support the finding that "In the instant case, there can be no question but that defendants' attorney was negligent and negligent to a high degree and that his conduct was inexcusable." With respect to the defendants' neglect, the trial court had this to say:
"* * * I think it may be fairly said that from the time the defendants were served by the Sheriff on June 16, 1952 with notice of plaintiff's motion to enter judgment because of the defendants' failure, or their attorney's failure, to file an answer to the suit, that the defendants had notice of their attorney's neglect and of the necessity, if they continued with the same attorney, of checking up on the attorney to see that the matters were properly taken care of. But it is not shown that the defendants did anything to protect their interests against the neglect of their own attorney until after they were served by the Sheriff on November 14, 1952 with a copy of the judgment entered against them. And even then they did not move with much dispatch because the first step taken by the defendants in seeking relief was the notice mailed to the plaintiff's attorney on February 2, 1953, a lapse of more than 2 1/2 months time."
The defendants consulted Mr. Ensor several times during the progress of the litigation and were lulled into a sense of security by the deception practiced upon them, particularly in his attempt to explain away the judgment and his later feeble attempt to have the judgment vacated by reason of what he termed "my excusable neglect." As Judge Ewart *558 stated in his letter opinion: "It was his (Ensor's) neglect that was probably responsible for a default judgment having been entered on October 30, 1952, against his clients, the defendants."
The defendants contend that there was an abuse of discretion by the trial court in its denial of their motion to vacate and set aside the judgment.
That the trial court had power to grant the relief sought by the defendants' motion is unquestioned. Relief from the operation of a judgment for any reason allowed by this rule (Rule 3:60-2 (1), now R.R. 4:62-2(a)), rests in the trial court's discretion, controlled by accepted legal principles, whenever such action is appropriate to accomplish justice. Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951). A motion for a new trial is addressed to the sound judicial discretion of the trial court and such discretion cannot be arbitrary, vague or fanciful, but rather must be governed by and in accord with established principles of law and is concerned with the question whether justice requires that relief be given under the particular facts established. State v. Bunk, 4 N.J. 482 (1950). An attorney's negligence may be excusable under Rule 3:60-2 so as to entitle his client to relief from default judgment against him, when such negligence is attributable to honest mistake, accident, or any cause not incompatible with proper diligence. Williams v. Knox, 10 N.J. Super. 384 (Law Div. 1951). "However, in such cases the moving party was required to show a meritorious case (cf. Haines v. Seabrook Farms Co., 99 N.J.L. 273 (E. & A. 1923); Etz v. Weinmann, 106 N.J. Eq. 209 (Ch. 1930); Hanover Trust Co. v. Rizzo, 110 N.J.L. 581 (Sup. Ct. 1933)). These principles of law remain unchanged by Rule 3:60-2, which was taken from Federal Rule 60 (b) [28 U.S.C.A.]." Loranger v. Alban, 22 N.J. Super. 336, 342 (App. Div. 1952); 2 Waltzinger's New Jersey Practice, p. 943. Cf. 3 Moore's Federal Practice, sec. 60.05; Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1922); 31 Am. Jur., Judgments, sec. 756, p. 294.
*559 The appeal is submitted to this court on an agreed statement in lieu of record signed by counsel for the respective parties, wherein it is stated, inter alia:
"The parties hereto state their belief that the questions presented by the appeal of Carl N. Shuster and Edith Gilman Shuster, can be determined without an examination of all of the pleadings, evidence and proceedings in the court below, and they hereby agree that the foregoing contains all of the matters considered to be essential to a determination of the questions involved."
The defendants' application to the trial court was based on the sole ground of "the excusable neglect of the then attorney for the defendants." It is quite clear from the record, and the trial judge so found, that the neglect of the defendants' original attorney, Mr. Ensor, was largely responsible for the entry of the default judgment, and that his conduct was wholly inexcusable. We are of the opinion, as was the trial court, that the defendants were also negligent in failing to exercise the care that an ordinarily prudent person would have exercised under the circumstances. The denial of the application to vacate the judgment might well rest not only on the inexcusable neglect of their attorney, Mr. Ensor, but also on their own inexcusable neglect. In light of Mr. Ensor's conduct in failing to institute an action against the plaintiff, the defendants' acceptance of misleading statements with respect to the progress of the litigation, particularly as to the entry of the judgment and Ensor's assurance that the judgment would be re-opened or set aside, it is difficult to understand why such conduct apparently failed to create any doubt in the minds of the defendants as to Ensor's veracity or to raise a question of professional neglect in his representation of their interests. Nor does it satisfactorily appear why the defendants did not act more expeditiously in their own behalf. While we are convinced that there was no mistaken discretion exercised by the trial court in finding adversely to the defendants on the ground of inexcusable neglect of their attorney, Mr. Ensor, and themselves, some consideration might be given on terms, if they had also made a showing of a meritorious defense.
*560 Excusable neglect, if satisfactorily shown, is not in itself sufficient to warrant the setting aside of a judgment. The defendants must also show that they have a meritorious defense.
In the only affidavit (that of the defendant, Carl N. Shuster), submitted by the defendants at the hearing of their motion, there was no showing whatsoever of a meritorious defense. In the agreed statement in lieu of record the parties stipulated that "the questions presented by the appeal * * * can be determined without an examination of all of the pleadings, evidence and proceedings in the court below, and they hereby agree that the foregoing contains all the matters considered to be essential to a determination of the questions involved." The motion for relief from the judgment asserted as the only ground for vacating it, the excusable neglect of their first attorney, Mr. Ensor. The only reference to a meritorious defense appears in the affidavit of Mr. Shuster, wherein he says: "I believe that I have a good defense against the action brought against my wife and myself and I can establish a legal right to the land involved in this suit." Nor do we find anything in the agreed statement that indicates that at the hearing before the trial the defendant made any showing of a meritorious defense. The complete absence of a showing of a meritorious defense is not overcome by Mr. Shuster's unsupported statement that he believed that he and his wife had a "good defense."
It is the established rule of law now and it always has been, that one seeking to set aside a judgment must satisfactorily show not only excusable neglect on such an application as this, but also must bear the burden of showing that he has a meritorious defense to the action. Haines v. Seabrook Farms Co., supra; Etz v. Weinmann, supra; Hanover Trust Co. v. Rizzo, supra; Williams v. Knox, supra; Loranger v. Alban, supra. The prevailing rule was clearly enunciated by Judge Jayne in the case of Kaffitz v. Clawson, 134 N.J. Eq. 494, 495 (Ch. 1944), when he stated:
*561 "* * * Mistake, accident, surprise or fraud are appropriate grounds for the vacation of judgments or decrees but the grounds of mistake, accident or surprise should be augmented by the disclosure of the probable existence of some meritorious defense. Embury v. Bergamini, 24 N.J. Eq. 227; Avidan v. Kaplan, 106 N.J. Eq. 43, 46; 150 Atl. Rep. 3; Sanford v. Wellborn, 85 N.J. Eq. 577, 587; 96 Atl. Rep. 1018; Cottrell v. Tracy, supra [121 N.J. Eq. 96, 187 A. 563]. * * *"
A just, sufficient and valid defense to the original cause of action stated in clear and unmistakable terms is a prerequisite to opening a judgment. It would create a rather anomalous situation if a judgment were to be vacated on the ground of mistake, accident, surprise or excusable neglect, only to discover later that the defendant had no meritorious defense. "It is not equitable to open a judgment and require a trial to get back the judgment." Noll v. Royal Exchange Assurance Corp., 76 Pa. Super. 510, 515 (Super. Ct. 1921); Brown & Bigelow v. Borish, 165 Pa. Super. 308, 67 A.2d 823 (Super. Ct. 1949). The time of the courts, counsel and litigants should not be taken up by such a futile proceeding.
Judgment affirmed.