**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4105-14T2

PHH MORTGAGE CORPORATION,

    Plaintiff-Respondent,

v.

ERIC MOORE,

    Defendant-Appellant.

_____

Submitted May 8, 2017 — Decided  September 8, 2017

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey,
Chancery Division, Essex County, Docket No.
F-001008-13.

Eric Moore, appellant pro se.

Ballard Spahr LLP, attorneys for respondent
(Daniel JT McKenna and Christopher N. Tomlin,
on the brief).

PER CURIAM

    Defendant Eric Moore appeals from a February 5, 2015 Chancery Division order denying his motion to vacate the final judgment in this mortgage foreclosure action.  For the reasons that follow, we affirm.

On August 22, 2003, defendant borrowed $173,000 from Fleet National Bank ("Fleet"). Defendant delivered a note to Fleet in that amount and secured the debt by executing a mortgage encumbering property he owned in Irvington. Defendant executed the mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Fleet. The mortgage was duly recorded in the Office of Essex County Register on August 28, 2003. Thereafter, Fleet endorsed the note without recourse to Cendant Mortgage Corporation ("Cendant").[1] Cendant endorsed the note in blank.

Six years later, on October 26, 2009, MERS assigned the mortgage to PHH Mortgage Corporation ("PHH"). The assignment was duly recorded on December 21, 2009.

According to the foreclosure complaint that PHH filed on January 10, 2013, defendant defaulted by failing to make an installment payment due June 1, 2012, and has since failed to make any payments.

On February 4, 2014, defendant filed a motion to set aside a default that had been entered pursuant to Rule 4:43-3.[2]

_____

[1] Plaintiff Cendant Mortgage Corporation is the former name of plaintiff PHH Mortgage Corporation.

[2] The record on appeal does not include an order disposing of defendant's motion.

A-4105-14T2

Thereafter, plaintiff filed a notice of motion for entry of judgment. Defendant opposed the motion and filed a cross motion to dismiss the complaint. The court denied defendant's cross motion and entered final judgment on November 21, 2014.

Defendant moved to vacate the final judgment. The court denied the motion on February 5, 2015. This appeal followed.

On appeal, defendant argues "[t]he Appellate Division must decide whether the defendant [is] entitled to relief as a matter of law." Defendant also argues plaintiff produced no competent admissible evidence that it owned an interest in the note secured by defendant's mortgage. Defendant contends the "Certification of Proof of Amount Due" signed by plaintiff's assistant vice-president, attesting "[p]laintiff is the holder of the . . . note," is not based on personal knowledge. Defendant further argues the vice-president did not address the note's endorsement in blank. In short, defendant contends plaintiff failed to demonstrate it was entitled to judgment as a matter of law.

Defendant seeks relief under Rule 4:50-1, which states:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move

for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

The rule "governs an applicant's motion for relief from default when the case has proceeded to judgment" pursuant to Rule 4:43-2. US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012). "The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Id. at 467 (citing Mancini v. EDS, 132 N.J. 330, 334 (1993)).

Relief from judgment under Rule 4:50-1 "is not to be granted lightly." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). Moreover, "the showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment . . . ." Pressler & Verniero, Current N.J. Court Rules, comment on R. 4:43-3 (2017). That is so because when a party has no meritorious defense, "[t]he time of the courts, counsel and litigants should not be taken up by such a futile proceeding."

Guillaume, supra, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).

An appellate court reviews a trial court's order denying a Rule 4:50-1 motion for relief under an abuse of discretion standard, giving the trial court's ruling substantial deference. Id. at 467 (citations omitted). An appellate court "finds an abuse of discretion when a decision is 'made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (citing Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Here, defendant did not demonstrate he had a meritorious defense to the foreclosure action. His primary contention on appeal is PHH did not have standing when it filed the foreclosure complaint. The argument is unavailing. A mortgage assignment that predates the original complaint confers standing on a plaintiff. Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). Here, it is undisputed that MERS, as nominee for Fleet, assigned the mortgage to PHH on October 26, 2009, and that the mortgage was duly recorded on December 21, 2009, more than three years before PHH filed the complaint on January 10, 2013.

Defendant has no other defenses. We have considered his remaining arguments and found them to be without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION