**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4011-15T4

PHH MORTGAGE CORPORATION,

    Plaintiff-Respondent,

v.

AGRIPPA M. WIGGINS, and his
wife, MRS. WIGGINS,

    Defendants-Appellants.

_____

        Submitted August 30, 2017 — Decided September 8, 2017

        Before Judges Rothstadt and Vernoia.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Burlington County,
        Docket No. F-35041-13.

        Agrippa M. Wiggins, appellant pro se.

        Ballard Spahr, LLP, attorneys for respondent
        (Daniel JT McKenna and Christopher N. Tomlin,
        on the brief).

PER CURIAM

    In this mortgage foreclosure action, defendant Agrippa M.
Wiggins appeals from the Chancery Division's July 24, 2015 and
April 15, 2016 orders denying his separate motions to vacate a

July 24, 2014 final judgment and to dismiss the complaint. Finding no merit to defendant's contentions, we affirm.

## I.

In November 2007, defendant[1] obtained a mortgage loan from Metlife Bank, N.A., (Metlife). Defendant executed a promissory note in favor of Metlife and, as security for the payment of the loan, delivered a mortgage on property in Hainesport to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Metlife and its successors or assigns. Defendant defaulted on the note by failing to make the payment due on September 1, 2011, and all payments thereafter. Metlife endorsed the note to plaintiff PHH Mortgage Corporation (PHH) and in April 2012, MERS executed an assignment of the mortgage to PHH.

PHH filed a foreclosure complaint in October 2013. Defendant was served with the complaint, but did not file a responsive pleading. Default was subsequently entered, and on July 24, 2014, the court entered a final judgment against defendant and issued a writ of execution.

Defendant first filed a pleading in the action eleven months after entry of the final judgment. On May 13, 2015, the day before the scheduled sheriff's sale, defendant filed a motion to stay the

---

[1] Defendant's late wife was also a party to the loan.

sheriff's sale, vacate the final judgment and dismiss the complaint. Defendant argued PHH lacked standing to bring the foreclosure action because there was no assignment of the mortgage to PHH and, as a result, he was entitled to the requested relief. The motion court entered an order delaying the sheriff's sale to permit the adjudication of defendant's motion to vacate the final judgment and dismiss the complaint.

After the submission of PHH's opposition, the court entered a July 24, 2015 order denying defendant's motion to vacate the final judgment and dismiss the complaint. The judge reasoned that defendant failed to demonstrate either the excusable neglect or meritorious defense required to vacate a judgment under Rule 4:50-1(a).[2] The property was sold to PHH at a sheriff's sale on January 28, 2016. PHH deeded the property to the Federal National Mortgage Association (FNMA) on March 3, 2016.

Subsequent to PHH's transfer of the property to FNMA, and twenty-months after entry of the July 24, 2014 final judgment, defendant filed a second motion to vacate the judgment under Rule

---

[2] Based on the record presented, it appears defendant sought to vacate the final judgment claiming he had excusable neglect for failing to timely respond to the complaint, and a meritorious defense. Thus, defendant's request for relief from the final judgment was made under subsection (a) of Rule 4:50-1.

4:50-1 and to dismiss the foreclosure complaint.[3]  Defendant also requested that the court vacate the sheriff's sale.  Defendant argued plaintiff lacked standing because it was not in possession of the note, the note and mortgage were fraudulent, defendant was induced into agreeing to a predatory and racially biased transaction, and the court abused its discretion by entering the judgment.  The court rejected defendant's arguments and entered an April 15, 2016 order denying defendant's motion.  This appeal followed.

## II.

On appeal, defendant challenges the court's entry of the July 24, 2015 and April 15, 2016 orders denying his motions to vacate the final judgment, and the portion of the April 15, 2016 order denying his motion to vacate the sheriff's sale.  Defendant does not argue the court erred by denying his motions to dismiss the complaint.  We therefore do not address the issue because it is waived.  See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").  We instead turn our attention to defendant's argument that the

---

[3] In the papers supporting his motion, defendant generally argued the complaint should be dismissed but did not identify the Rule upon which his motion to dismiss the complaint was founded.

court erred by denying his motions to vacate the final judgment under Rule 4:50-1.[4]

Rule 4:50-1 provides six grounds for relief from a final judgment. The court may relieve a party from a final judgment upon a showing of:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

The decision whether to grant a motion for relief from a final judgment under Rule 4:50-1 "is left to the sound discretion of the trial court." Mancini v. EDS ex rel. N.J. Auto. Full Ins.

---

[4] Defendant appeals that portion of the April 15, 2016 order denying his motion to vacate the sheriff's sale, but in his brief on appeal he does not include any argument that the sheriff's sale should be vacated. We broadly read defendant's brief to argue that because the final judgment should be vacated, the sheriff's sale should be vacated as well. We therefore limit our discussion to defendant's argument that the court erred by denying his motions to vacate the final judgment.

Underwriting Ass'n, 132 N.J. 330, 334 (1993). "The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini, supra, 132 N.J. at 334). "The trial court's determination . . . warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

We discern no abuse of discretion in the court's July 24, 2015 order denying defendant's first motion to vacate the final judgment. The court determined defendant failed to demonstrate either excusable neglect or a meritorious defense sufficient to afford relief under Rule 4:50-1(a).[5] "'Excusable neglect' may be

---

[5] To the extent defendant's brief might be deemed to assert arguments he was entitled to relief under other subsections of the Rule, we do not consider such arguments because they were not raised before the motion court and do not involve jurisdictional issues or matters of public concern. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (noting that our appellate courts decline to consider issues not properly presented to the trial

found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting Guillaume, supra, 209 N.J. at 468). Defendant did not present any evidence before the motion court demonstrating excusable neglect.

Defendant argued only that he had a meritorious defense to the foreclosure complaint; that plaintiff allegedly lacked standing. "A just, sufficient and valid defense to the original cause of action stated in clear and unmistakable terms is a prerequisite to opening a judgment." Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953). Here, the evidence showed defendant signed the note and mortgage and defaulted on his obligations. In addition, the mortgage had been assigned to PHH and PHH was in possession of the note when the foreclosure complaint was filed. Based on the evidence presented on defendant's initial motion to vacate the final judgment, plaintiff established it had standing to bring the foreclosure complaint, and defendant failed to demonstrate otherwise. See Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011) (holding possession of the note or an assignment of the

court unless the issues on appeal go to jurisdiction or concern matters of great public concern).

mortgage prior to the filing of the complaint confers standing in a mortgage foreclosure action).

The court therefore correctly determined plaintiff failed to establish either excusable neglect or a meritorious defense as required for relief under Rule 4:50-1(a). The court's denial of the motion was supported by the evidence and its entry of the July 24, 2015 order denying defendant's motion to vacate the final judgment was not an abuse of discretion.

We next consider defendant's challenge to the court's denial of defendant's second motion to vacate the final judgment. The motion was filed in March 2016, twenty months after the entry of the July 24, 2014 final judgment. Although defendant's motion did not identify the subsection of Rule 4:50-1 upon which his request for relief was based, he was barred from obtaining relief under sections (a), (b) and (c) because his motion was not filed within one year of the judgment's entry. R. 4:50-2; R. 1:3-4; see also Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012) (finding Rule 4:50-2 bars motions under Rule 4:50-1(a), (b), or (c) filed more than one year after entry of the judgment from which relief is sought). We therefore do not consider on appeal any contention that the court erred by failing to grant defendant's March 2016 motion under subsections (a), (b) or (c) of Rule 4:50-1 other than to note that any such claims are

time barred. <u>Angeles</u>, <u>supra</u>, 428 <u>N.J. Super.</u> at 319.

Although he appeals the April 15, 2016 order denying his second motion under <u>Rule</u> 4:50-1 to vacate the final judgment, defendant's brief does not mention the <u>Rule</u>, identify the subsections of the <u>Rule</u> pursuant to which he contends he was entitled to relief, or address our standard of review. Generally, a failure to make an argument in an appellate brief constitutes a waiver of the argument. <u>Sklodowsky</u>, <u>supra</u>, 417 <u>N.J. Super.</u> at 657. However, we will address the merits of defendant's arguments, and broadly read his pro se brief as asserting that the court erred by failing to grant relief from the final judgment under subsections (d) and (f) of <u>Rule</u> 4:50-1.[6]

We reject defendant's contention the court erred by denying his motion to vacate the final judgment under subsection (d) of <u>Rule</u> 4:50-1, which permits relief from a final judgment that is void. Defendant argues the judgment is void based on his claim that for a multitude of reasons, plaintiff lacked standing to bring the foreclosure action. Any purported lack of standing does render the July 24, 2014 final judgment void. <u>See</u> <u>Russo</u>, <u>supra</u>, 429 <u>N.J. Super.</u> at 101 ("[S]tanding is not a jurisdictional issue

---

[6] As noted, any claim defendant was entitled to relief under subsections (a), (b) or (c) is time barred. In addition, there is no claim the judgment is satisfied, and therefore subsection (e) of <u>Rule</u> 4:50-1 is inapplicable.

in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d).").

We are also not persuaded that defendant is entitled to relief from the final judgment under subsection (f) of Rule 4:50-1, "which permits courts to vacate judgments for 'any other reason justifying relief from the operation of the judgment or order.'" Guillaume, supra, 209 N.J. at 484 (quoting Rule 4:50-1(f)). Relief under the Rule is "available only when 'truly exceptional circumstances are present.'" Ibid. (quoting Housing Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). Where exceptional circumstances are presented, "Rule 4:50-1(f) is 'as expansive as the need to achieve equity and justice.'" Ibid. (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). The Rule, however, "is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, supra, 135 N.J. at 289).

Based on our careful review of the record and plaintiff's arguments, we discern no basis permitting relief from the final judgment under Rule 4:50-1(f). Defendant failed to participate in the foreclosure action, waited twenty months following the entry of the final judgment to file his second motion to vacate the judgment, and did not file his second motion until after the sheriff's sale and subsequent transfer of the property to the

FNMA. He makes many arguments concerning plaintiff's purported lack of standing, but the record shows plaintiff had possession of the note and had been assigned the mortgage prior to the filing of the complaint, and therefore had standing to bring the foreclosure action. Mitchell, supra, 422 N.J. Super. at 216; see also Angeles, supra, 428 N.J. Super. at 319-20 (finding mortgagor was not "equitably entitled to vacate" a final judgment where he did not deny the debt owed to the mortgagee, did not "definitively demonstrate[] a lack of standing," and did not challenge the mortgagee's standing until the property "was sold and he was evicted"). Defendant has not demonstrated any exceptional circumstances or that a grave injustice will result if the final judgment is not vacated.

Defendant's remaining arguments are without merit sufficient to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION