**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0369-18T2

WELLS FARGO BANK, NA,

    Plaintiff-Respondent,

v.

RANDALL OWENS,

    Defendant-Appellant,

and

MRS. OWENS, wife of Randall
Owens, n/k/a LENISE OWENS,

    Defendant.

_____

Submitted July 23, 2019 – Decided September 4, 2019

Before Judges Ostrer and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-020014-17.

Randall Owens, appellant pro se.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential mortgage foreclosure case, defendant Randall Owens appeals from the trial court's order denying his motion to vacate the sheriff's sale. Owens contends the sale should have been set aside because the final judgment of foreclosure – entered after his default – lacked sufficient proof. The sole basis for his challenge to the proofs is that plaintiff submitted certifications, instead of affidavits, to comply with the required filing of an "affidavit of amount due" under Rule 4:64-2(b), and a counsel's "affidavit of diligent inquiry" under Rule 4:64-2(d). Owens also relies on the Supreme Court's June 2011 order, which prescribed a form affidavit of amount due. See Notice to the Bar, Residential Mortgage Foreclosure Rules – Amendments to Rules 4:64-1 and 4:64-2; Revised Form Certifications/Affidavits, 204 N.J.L.J. 846 (June 9, 2011). We affirm.

We review the trial judge's decision to set aside a sheriff's sale under Rule 4:65-5 for an abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). We interpret court rules de novo, applying "well-understood principles of statutory construction." State v. Robinson, 448 N.J. Super. 501, 516 (App. Div. 2017).

A-0369-18T2

A motion to vacate a sheriff's sale is not a substitute for a motion to vacate the final judgment upon which the sale is based. The trial court previously denied Owens's motion to vacate final judgment pursuant to Rule 4:50-1. Owens does not appeal from that order. Nor does he raise any other equitable ground for setting aside the sale.

Even if we were to address the underlying merits of the final judgment, the trial court did not abuse its discretion in leaving it undisturbed. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (stating that appellate court reviews a decision on a motion to vacate judgment for an abuse of discretion). Owens provides no showing of a meritorious defense to the foreclosure action that would justify relief from the judgment. Id. at 469 (stating that a defendant seeking to vacate a default judgment must show a meritorious defense). In particular, Owens provides no basis for challenging the amount due.

A trial court is not obliged to engage in the "futile proceeding" of vacating a judgment because of a non-jurisdictional procedural infirmity that could be easily corrected to restore the judgment. Ibid. (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)); see also Deutsche Bank Nat'l Trust v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012) (holding that lack of standing did not justify vacating a judgment long after its entry). Even if certifications

3

in lieu of affidavits were not permitted, their use does not render the judgment void, nor compel relief from the judgment. Certifications could easily be replaced by affidavits.

Furthermore, we discern no procedural infirmity. Rule 1:4-4 (b) permits an affiant to submit a certification in lieu of oath in any instance where the Rules of Court require an affidavit. See Bank v. Kim, 361 N.J. Super. 331, 341 (App. Div. 2003) (noting that Rule 4:64-1 "allows entry of judgment upon certification"). Thus, certifications in the form required by Rule 1:4-4(b) satisfy the affidavit requirements of Rule 4:64-2(b) and -2(d).

We recognize that the Supreme Court recently adopted a Rule amendment that expressly permits a certification or affidavit under Rule 4:64-2(a) and (c), but did not change subsection (b) or (d). See Notice to the Bar, Foreclosure Rules Amendments; Adoption of New Court Rules Regarding (1) Foreclosure Mediation, and (2) Case Status Certification Requirement, 225 N.J.L.J. 1139 (Apr. 30, 2019); see also Notice to the Bar, Rule Amendments Proposed by the Special Committee on Residential Foreclosure – Comments Sought, 224 N.J.L.J. 3344 (Nov. 14, 2018). We do not read the change in (a) and (c) to imply that certifications are not permitted under subsection (b) and (d), notwithstanding Rule 1:4-4(b).

A-0369-18T2

Rather, the changes in subsections (a) and (c) imply that certifications are permissible under subsections (b) and (d). Subsection (a) states generally that "[p]roof required by R. 4:64-1 may be submitted by affidavit or certification." And, subsection (c), which prescribes who may verify financial information and the uncured default upon a review of business records, allows submission of a certification or affidavit. Notably, the Supreme Court's Special Committee on Residential Foreclosures, whose recommendations prompted the rule change, did not expressly discuss these amendments. See Notice to the Bar, Report of the Supreme Court Special Committee on Residential Foreclosures, 224 N.J.L.J. 2766 (Sept. 30, 2018). Had the Committee intended a substantive change in the Rule, we suspect it would have commented on it. Rather, we conclude the changes merely clarify what was already permissible: a certification in lieu of affidavit pursuant to Rule 1:4-4(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0369-18T2