**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5104-17T3

OCWEN LOAN SERVICING LLC,

    Plaintiff-Respondent,

v.

TOSSA D. THORPE,

    Defendant-Appellant,

and

R and R SURGICAL ASSOCIATION,
CHESTERFIELD TOWNSHIP, NEW
JERSEY HOUSING & MORTGAGE
FINANCE AGENCY, STATE OF NEW
JERSEY, THE RIDINGS HOMEOWNERS
ASSOCIATION, INC., and RANCOCAS
ANESTHESIOLOGY,

    Defendants.

_____

Submitted September 16, 2019 – Decided September 26, 2019

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-010710-16.

Tossa D. Thorpe, appellant pro se.

Blank Rome LLP, attorneys for respondent (Francis Xavier Crowley and Michael P. Trainor, on the brief).

PER CURIAM

Defendant Tossa D. Thorpe appeals from a Chancery Division order denying her motion to vacate the final judgment of foreclosure and sheriff's sale, and to dismiss the complaint, in this residential mortgage foreclosure action. We affirm.

On October 26, 2007, Thorpe executed a promissory note (the Note) in the principal amount of $64,390 in favor of GMAC Mortgage LLC, f/k/a GMAC Mortgage Corporation. On the same day, Thorpe executed a mortgage affecting her property in Chesterfield Township (the Property), in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation, to secure payment of the Note. MERS recorded the mortgage on December 14, 2007.

On February 4, 2009, MERS assigned the mortgage to GMAC Mortgage, LLC. The assignment was recorded on March 10, 2009. The mortgage was

A-5104-17T3

reassigned to plaintiff Ocwen Loan Servicing, LLC on March 7, 2016. Plaintiff recorded the second assignment on March 22, 2016.

Thorpe defaulted on the payments required by the Note. Plaintiff filed the complaint on April 15, 2016. The summons and complaint were served on Thorpe's mother at her residence in Burlington (the Burlington residence). Plaintiff then filed an amended complaint on May 18, 2016. Service of the amended complaint was attempted at the Property on June 12, 2016. The process server indicated the Property was visibly vacant, without furnishings inside and an accumulation of old mail. A neighbor advised the process server that the Property was vacant. Plaintiff then served Thorpe with the amended complaint by regular and certified mail, return receipt requested, addressed to the Burlington residence. The certified mail went unclaimed; the regular mail was not returned by the postal service as undeliverable. Thorpe did not file a responsive pleading to the complaint or amended complaint.

An order for default was entered on February 2, 2017, and uploaded into eCourts on February 13, 2017.[1] On June 21, 2017, a final judgment of foreclosure was entered in the amount of $75,635.23. The Property was sold by sheriff's sale on October 19, 2017. Plaintiff was the successful bidder at the

---

[1] Through clerical error, the order for default was dated February 2, 2016.

A-5104-17T3

sale. The Property was conveyed to plaintiff by sheriff's deed dated October 30, 2017. Plaintiff applied for a writ of possession of the Property in February 2018.

On May 3, 2018, Thorpe moved to vacate the entry of default and final judgment of foreclosure, cancel the sheriff's sale, and to dismiss the complaint. Thorpe argued: (1) the order entering default is defective and should be vacated because it was entered before the complaint was filed; (2) the judgment of foreclosure must be vacated because the summons and complaint was not served on her; and (3) the judgment was procured by fraud.

The motion judge issued an order and written statement of reasons denying the motion in its entirety. As to the February 2, 2016 order entering default, the motion judge determined the clearly erroneous date was a mere clerical error. The judge noted the motion to enter default was filed on January 18, 2017, and the order granting the motion "was uploaded to eCourts on February 13, 2017." The order mistakenly stated 2016 "when it should have stated 2017." The motion judge corrected the date of the order entering default to February 2, 2017, pursuant to Rule 1:13-1.

As to vacating the final judgment under Rule 4:50-1, due to alleged lack of service of process, the motion judge stated:

> Plaintiff provides an affidavit of service indicating that service of the initial summons and

complaint was effected upon defendant by serving JoAnne Thorpe, defendant's mother, at [the Burlington residence]. A "Proof of Diligence" provided by plaintiff indicates that service of the amended complaint was attempted at the subject property but was unsuccessful. Among the reasons listed for the unsuccessful attempt at service were: "property is visibly vacant", "no furnishings inside", "junk piled up inside the house", "accumulation of old mail". Additionally, a "male neighbor . . . confirmed vacancy."

Plaintiff thereafter sent the amended complaint by regular and certified mail, return receipt requested to the address of [the Burlington residence]. Plaintiff did not receive a signed return receipt, but the regular mailing was not returned as undeliverable.

Plaintiff moved for final judgment on May 25, 2017. The certification of service indicates copies were mailed to defendant both at the subject property and at [the Burlington residence]. Final judgment was entered on June 21, 2017 and plaintiff served defendant with a copy thereof by forwarding it to both the subject property and [the Burlington residence]. Notice of the Sheriff's Sale was also sent to defendant at both addresses by certified mail and/or by courier service. Despite the several notices sent to defendant at both addresses, defendant did not file the within motion to vacate until May 17, 2018.

Defendant maintains that she was not served a copy of the summons and complaint and that service upon her mother, JoAnn Thorpe was ineffective because she was never a household member "of the subject property" and that the subject property is her "primary residence." Defendant further disputes the accuracy of the statements made in the return of

service suggesting that the property was vacant. Defendant avers that the subject property was and is her residence. Defendant states that she learned of the foreclosure from a "third-party" whom she fails to identify. Defendant does not dispute having received any of the other notices of the pleadings in this matter, or explain why she delayed in filing the within motion. Further, although [Thorpe] certifies that the subject property is her principal residence, she does not certify that [the Burlington residence] was not her dwelling place or usual place of abode.

The judge found Thorpe failed to demonstrate exceptional circumstances to justify vacating the judgment under Rule 4:50-1(f). She explained:

Here, [Thorpe] has not explained why she did not receive the many notices sent to her at the subject property that she maintains is her place of residence. In fact, [Thorpe] does not indicate that she did not receive any of those notices or when it was she became aware of the current proceedings. Plaintiff has served all notices in accordance with the requirements imposed upon it. Plaintiff would be unduly and unnecessarily prejudiced if judgment were to be vacated, where the property has been sold at sheriff's sale after all due notice was provided to [Thorpe].

Finally, as to vacating the sheriff's sale, the motion judge determined Thorpe "makes no assertions that the Sheriff's sale was procedurally or substantively defective in any way and thus she raises no valid basis for vacating the sheriff's sale." This appeal followed.

A-5104-17T3

On appeal, Thorpe argues: (1) the trial court erred and abused its discretion in refusing to set aside a default judgment under <u>Rules</u> 4:50-1(d), (f), and 4:50-3; (2) plaintiff's fraud warrants a dismissal; and (3) the request for entry of default was entered before the filing of the complaint. We reject these arguments and affirm substantially for the reasons expressed by the motion judge in her written statement of reasons. We add the following comments.

Motions made under any subsection of <u>Rule</u> 4:50-1 must be filed within a reasonable time. <u>R.</u> 4:50-2; <u>see</u> <u>Deutsche Bank Tr. Co. v. Angeles</u>, 428 N.J. Super. 315, 319 (App. Div. 2012). Despite receiving notice of each stage of the ongoing foreclosure action and sheriff's sale, Thorpe first raised her procedural objections more than ten eleven months after the entry of judgment and almost seven months after the sheriff's sale. She offered no explanation for the delay. Her motion was not filed within a reasonable time.

Thorpe's motion also lacked substantive merit. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." <u>Inv'rs Bank v. Torres</u>, 457 N.J. Super. 53, 65 (App. Div. 2018) (quoting <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 394 (Ch. Div. 1993), <u>aff'd o.b.</u>, 273 N.J. Super. 542 (App. Div. 1994)). Notably, Thorpe does not

attack the validity of the mortgage, the payment default, the amount of the indebtedness, or plaintiff's right to foreclose. She does not "contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it," or otherwise contest the allegations set forth in the complaint. R. 4:64-1(c)(2).

Relief from judgment under Rule 4:50-1 "is not to be granted lightly." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). Moreover, "the showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019). That is so because when a party has no meritorious defense, "[t]he time of the courts, counsel and litigants should not be taken up by such a futile proceeding." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 469 (2012) (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)). Thorpe has not met her burden of demonstrating a meritorious defense. See id. at 467.

An appellate court reviews a trial court's order denying a Rule 4:50-1 motion for relief under an abuse of discretion standard. Ibid. "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. An abuse of

8

discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). We discern no abuse of discretion.

The motion judge properly corrected the clerical error in the order entering default. The error is obvious given the date plaintiff moved for entry of default and the date the order was uploaded into eCourts. Rule 1:13-1 permits a court to correct clerical errors in orders at any time "on its own initiative."

The motion judge also properly determined there was no factual or legal basis to vacate the sheriff's sale because the motion to vacate the order entering default and the judgment of foreclosure lacked merit.

Thorpe's argument that the judgment should be set aside for fraud upon the court pursuant to Rule 4:50-3 lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION