**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0412-20

BANK OF AMERICA, N.A.,

     Plaintiff-Respondent,

v.

CLYDE S. GREEN a/k/a
CLYDE S. GREEN, SR.,

     Defendant-Appellant.

_____

Submitted October 25, 2021 – Decided November 12, 2021

Before Judges Vernoia and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-012525-16.

Clyde S. Green, appellant pro se.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Brandon Pack, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Clyde S. Green, also known as Clyde S. Green, Sr., appeals from an August 10, 2020 order denying his Rule 4:50-1(f) motion to vacate the November 30, 2017 final judgment of foreclosure. On September 14, 2020, the trial court denied defendant's motion for reconsideration. We affirm.

I.

On July 17, 2009, defendant executed a promissory note in favor of plaintiff Bank of America, N.A. in the principal amount of $188,000. To secure the note, defendant executed a mortgage to plaintiff encumbering residential property located at 214 Valley Road, in Montclair. On July 28, 2009, plaintiff recorded the mortgage in the Essex County Register's Office and indorsed the note to blank.

On September 21, 2012, plaintiff assigned the mortgage to Champion Mortgage Company, and the assignment of mortgage was recorded on September 27, 2012. On March 7, 2016, the mortgage was assigned by Nationstar Mortgage LLC, doing business as Champion Mortgage Company, back to plaintiff and the assignment of mortgage was recorded on March 17, 2016, in the Register's office.

A-0412-20

On October 21, 2015, defendant defaulted under the terms of the note and mortgage by failing to make a required payment. He has remained in default since that time. On May 3, 2016, plaintiff filed a foreclosure complaint. Defendant was served with the foreclosure complaint on May 5, 2016[1], but never filed a responsive pleading. The court entered default on July 25, 2016. On December 27, 2016, defendant filed a Chapter 13 bankruptcy, and an automatic stay went into effect until September 29, 2017, when plaintiff filed a certification of discharge of the bankruptcy proceeding.

On October 19, 2017, plaintiff filed a motion for final judgment, which defendant did not oppose. On November 30, 2017, the court granted plaintiff's motion and entered final judgment in the amount of $489,446.51 plus a counsel fee of $5,044.47. A sheriff's sale took place and plaintiff reacquired the property, but the sale was vacated because the bankruptcy court extended the automatic stay.

Nearly three years later, on July 6, 2020, defendant filed a motion to vacate final judgment pursuant to Rule 4:50-1(f). In his moving papers, defendant argued Rule 4:50-1(f) required vacating the judgment because

---

[1] Defendant does not dispute that he was properly served with the foreclosure complaint on May 5, 2016.

A-0412-20

plaintiff "was not in possession of the original [n]ote, and never establish[ed] its right to foreclose in accordance with the [Uniform Commercial Code (UCC), N.J.S.A. 12A:3-101 to -605,] and New Jersey case law." In opposition to the motion, plaintiff asserted that defendant "took no steps to litigate this matter" and certified it "provided all of the relevant mortgage documents" needed to establish standing to bring the foreclosure action.

On August 10, 2020, the trial court entered an order and written statement of reasons denying defendant's motion to vacate final judgment. The court found defendant failed to demonstrate an entitlement to relief from the final judgment under Rule 4:50-1(f) and that plaintiff "provided all relevant mortgage documents." On August 24, 2020, defendant filed a motion for reconsideration. On September 14, 2020, the court denied defendant's motion for reconsideration because he "present[ed] no new evidence and . . . failed to meet any of the standards required for reconsideration under [Rule] 4:49-2." This appeal followed.

II.

On appeal, defendant argues the trial court abused its discretion under Rule 4:50-1(f), and he was entitled to relief because plaintiff failed to establish it was the holder of the note when the foreclosure complaint was filed. Where,

as here, a court has entered a default judgment pursuant to Rule 4:43-2, "the party seeking to vacate the judgment must meet the standard of Rule 4:50-1," which permits a court to:

> relieve a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and for which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citing R. 4:50-1).]

A court's determination under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. An appellate court "finds an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A-0412-20

Generally, "[c]ourts should use <u>Rule</u> 4:50-1 sparingly, [and only] in exceptional situations." <u>Badalamenti v. Simpkiss</u>, 422 N.J. Super. 86, 103 (App. Div. 2011) (alterations in original) (quoting <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 289 (1994)). Relief under <u>Rule</u> 4:50-1 is "to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." <u>LVNV Funding, LLC v. Deangelo</u>, 464 N.J. Super. 103, 109 (App. Div. 2020) (quoting <u>Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n</u>, 74 N.J. 113, 120 (1977)). <u>Rule</u> 4:50-1(f) is the "so-called catchall provision, which permits relief in 'exceptional situations.'" <u>Ibid.</u> (quoting <u>Guillaume</u>, 209 N.J. at 484).

Under <u>Rule</u> 4:50-1, a movant must show a meritorious defense to the foreclosure on the subject mortgage. <u>See</u> <u>Romero v. Gold Star Distrib., LLC</u>, 468 N.J. Super. 274, 293 (App. Div. 2021) (citing <u>Dynasty Bldg. Corp. v. Ackerman</u>, 376 N.J. Super. 280, 285 (App. Div. 2005)). An "anomalous situation" would result "if a judgment were to be vacated on the ground of mistake, accident, surprise or excusable neglect, only to discover later that the defendant had no meritorious defense." <u>Guillaume</u>, 209 <u>N.J.</u> at 469 (quoting <u>Schulwitz v. Shuster</u>, 27 N.J. Super. 554, 561 (App. Div. 1953)). Defenses to in rem foreclosures are narrow because of the limited material issues. <u>N.Y.</u>

6

Mortg. Tr. 2005-3 Mortg.-Backed Notes, U.S. Bank Nat'l Ass'n v. Deely, 466 N.J. Super. 387, 397 (App. Div. 2021). "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Ibid. (quoting Invs. Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018)).

Defendant contends plaintiff lacked standing to enforce the note because "there was no evidence that the note . . . was transferred . . . before the complaint was filed." We are not persuaded.

Plaintiff has standing because it had an assignment of the mortgage when it filed the complaint. See Deutsch Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)) (explaining "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing" to bring a foreclosure action). Moreover, "standing is not a jurisdictional issue in our State court system." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012).

A holder is "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in

possession." N.J.S.A. 12A:1-201(b)(21)(a). Furthermore, when an instrument is indorsed in blank, the "instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." N.J.S.A. 12A:3-205(b). A bearer, as defined by the UCC, is "a person in possession of a negotiable instrument . . . that is payable to bearer or indorsed in blank." N.J.S.A. 12A:1-201(b)(5).

"If a debt is evidenced by a negotiable instrument, such as the note executed by [a] defendant," whether a plaintiff has established ownership or control over the note "is governed by Article III of the [UCC], . . . in particular N.J.S.A. 12A:3-301." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011). There are "three categories of persons entitled to enforce negotiable instruments" as described in N.J.S.A. 12A:3-301. Mitchell, 422 N.J. Super. at 223. N.J.S.A. 12A:3-301 provides:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of the holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or subsection [(d)] of [N.J.S.A.] 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

In support of its motion for entry of final judgment, plaintiff presented a certification stating it was in possession of the original note and that it is the payee on the note. And, the record showed plaintiff had been assigned the mortgage prior to its filing of the foreclosure complaint. Therefore, the trial court correctly found plaintiff had standing and properly denied defendant's motion to vacate default judgment. See Angeles, 428 N.J. Super. at 318 (citing Mitchell, 422 N.J. Super. at 216).

Relief from a judgment under Rule 4:50-1(f) is expansive but presents a difficult burden to meet. See Guillaume, 209 N.J. at 484 (citation omitted) (providing that "Rule 4:50-1(f) is 'as expansive as the need to achieve equity and justice'"). Relief from judgment under Rule 4:50-1(f) "is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289). Therefore, the party seeking relief from a judgment under the Rule must show that "truly exceptional circumstances are present." Ibid. (quoting Little, 135 N.J. at 286).

Defendant was served with the foreclosure complaint in 2016, took no action to respond for four years, filed an application for the first time after final judgment was entered, and offers no evidence supporting a meritorious defense to the foreclosure action. His motion to vacate the judgment is untethered to

A-0412-20

any evidence supporting an entitlement to relief under <u>Rule</u> 4:50-1(f). <u>Guillaume</u>, 209 N.J. at 484. The trial court aptly recognized defendant failed to sustain his burden of establishing an entitlement to relief under <u>Rule</u> 4:50-1(f) and correctly denied his motion to vacate final judgment.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0412-20