214 N.J. Super. 300 (1986)
518 A.2d 1134
ALAN ROSENBERG, PLAINTIFF-RESPONDENT,
v.
BILL BUNCE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 25, 1986.
Decided December 18, 1986.
*302 Before Judges MICHELS and SKILLMAN.
Gary Haydu, attorney for appellant (Raymond T. Sheldon, of counsel and on the brief).
Alan Rosenberg, respondent, submitted a letter brief pro se.
The opinion of the court was delivered by SKILLMAN, J.A.D.
Plaintiff and defendant owned adjoining properties on Lambert Lane in Lambertville. Plaintiff also owned two motor vehicles which he would regularly park on the street in front of the properties.
In a complaint filed on or about November 1, 1985 plaintiff alleged that while he resided on Lambert Lane, "he sustained damages to his motor vehicle for which he believes defendant to be responsible." A summons was issued on November 19, 1985.
Defendant's counsel attempted to file an answer on December 17, 1985. However, the clerk of the Special Civil Part advised him a few days later that the answer had not been accepted for filing because it was out of time and that a default had been entered on December 12, 1985.
On December 31, 1985, defendant filed a motion to vacate the default and to permit the filing of a late answer. This motion was granted by order signed February 5, 1986, which extended defendant's time to answer an additional ten days. However, a copy of the order was not sent to defendant's counsel and he did not become aware it had been entered until after expiration *303 of the ten days. Defendant then filed an answer on February 27, 1986.
Prior to the filing of defendant's answer, a second default was entered on February 18, 1986. On March 3, 1986, plaintiff filed his own affidavit, which he captioned "affidavit of proof of damages," and served the affidavit directly upon defendant. A default judgment in the amount of $2,643 based on this affidavit was entered on March 11, 1986 and an "execution against goods and chattels" was entered on March 17, 1986.
By letter to the court dated March 19, 1986, defendant's counsel acknowledged receipt of plaintiff's affidavit and objected to the entry of a default judgment (apparently unaware that one already had been entered). The letter stated in part:
The Plaintiff has seen fit to correspond directly with the Defendant rather than with my office, even with his request for the Entry of Judgment. I would also point out that this case is not a Liquidated Damaged Action and Plaintiff is not entitled to proceed to Proof by way of Affidavit.
I would request that this matter be placed on your trial calendar and the Affidavit of the Plaintiff and request contained therein be denied.
There apparently was no response to this letter.
On April 14, 1986 defendant filed a motion to vacate the default judgment and to permit the filing of a late answer. In support of the motion, defendant's counsel filed an affidavit which recounted the circumstances outlined above. No papers were filed in opposition to the motion.
On May 1, 1986, the trial court denied the motion to vacate. Defendant appeals, arguing that he presented sufficient grounds for vacating the default judgment.
Preliminarily, we note the absence of any opinion by the trial court containing findings of fact or conclusions of law. Our cases have repeatedly indicated the importance of such findings and conclusions to assure informed appellate review. See, e.g., Curtis v. Finneran, 83 N.J. 563, 569-570 (1980); State v. Singletary, 165 N.J. Super. 421, 424-425 (App.Div. 1979), certif. den. 81 N.J. 50 (1979); Wertlake v. Wertlake, 137 N.J. Super. 476, 485-486 (App.Div. 1975); see also R. 1:7-4, as amended *304 January 2, 1986. Without the benefit of findings and conclusions we can only speculate about the reasons for a trial court's decision.
Based on our own review of the record, we are convinced that the trial court abused its discretion in refusing to vacate the default and default judgment. It is well established that "a defendant seeking to reopen a default judgment must show that the neglect to answer was excusable under the circumstances and that he has a meritorious defense." Marder v. Realty Construction Co., 84 N.J. Super. 313, 318 (App.Div. 1964), aff'd o.b. 43 N.J. 508, 511 (1964). Furthermore, "the opening of default judgments should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Id. at 319.
Defendant showed both excusable neglect in not filing an answer sooner and the existence of a meritorious defense. Although defendant's counsel could have inquired by telephone to determine the disposition of his first motion, the failure of the clerk to send him a copy of the order provides a sufficient basis under the circumstances present in this case to justify a finding of excusable neglect. And although defendant should have specifically set forth the grounds of his defense in his moving papers, we perceive from the face of the complaint, answer and other pleadings genuine issues as to liability and damages.
The complaint does not specifically allege what defendant did to be subject to liability for the damage to plaintiff's motor vehicle. It does not indicate whether plaintiff's claim is based on defendant's operation of a motor vehicle, the conduct of a business on his property or some other grounds. Rather, it simply states that plaintiff "sustained damages to his motor vehicle for which he believes defendant to be responsible." Under these circumstances, it would have been appropriate for the trial court to require plaintiff to present proofs showing his entitlement to relief before entering a default judgment. See *305 Reilly v. Perehinys, 33 N.J. Super. 69, 74 (App.Div. 1954). At the very least, the uncertainty regarding the merits of plaintiff's claim generated by the vagueness of his complaint strongly supports our conclusion that the default judgment should have been vacated.
Furthermore, plaintiff's "affidavit of proof of damages" did not provide adequate grounds for the entry of a default judgment. Although a default judgment involving a determination of unliquidated damages may be entered based solely on an affidavit under some circumstances, such an affidavit must demonstrate plaintiff's entitlement to relief. Thus, R. 6:6-3(c) provides that where a default judgment is sought in the Special Civil Part in an automobile negligence case, proof of property damages may be provided by an affidavit of an automobile mechanic setting forth among other things "... the repairs actually made and the estimated cost thereof; a statement that the repairs were necessary and the charges therefor reasonable; and the amount actually paid for repairs, if completed."[1] However, plaintiff's affidavit simply stated:
My complaint alleges that defendant Bunce damaged two motor vehicles which I own.
I have received estimates from professional paint and auto body shops to repair these vehicles. Said estimates total $2,643 for both vehicles.
This affidavit does not purport to express an opinion that the proposed repairs are necessary or that the estimates are reasonable, assuming plaintiff would be competent to express such opinions, and thus it is plainly inadequate to support a default judgment.
Finally, plaintiff failed to follow the notice requirements for entry of a default judgment. R. 4:43-2(b) provides in relevant part:

*306 If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 5 days prior to hearing on such application. [Emphasis added].
Defendant had appeared in the action through counsel by filing a motion and an answer, but plaintiff served his application for entry of a default judgment upon defendant personally rather than upon defendant's counsel. This action not only violated R. 4:43-2(b) but it may be reasonably inferred that it delayed the response of defendant's counsel to the application for entry of a default judgment. Thus, plaintiff's failure to comply with the applicable notice requirements provides further support for our conclusion that the default and default judgment should be set aside. See Foster v. New Albany Machine & Tool Co., 63 N.J. Super. 262, 268-269 (App.Div. 1960).
Accordingly, the order denying defendant's motion to vacate the default judgment is reversed, the default and default judgment are vacated, defendant's answer filed on February 27, 1986 is deemed timely filed, and the matter is remanded for further proceedings in conformity with this opinion.
NOTES
[1] Since plaintiff's complaint does not indicate the subject matter of his claim, it is impossible to determine whether he could have relied upon R. 6:6-3(c). In any event, there is no indication that plaintiff is a mechanic.