**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1772-24

DIANE BRUNDA,

    Plaintiff-Respondent,

v.

SLAVO BARBORA,

    Defendant-Appellant.

_____

Submitted December 8, 2025 – Decided February 17, 2026

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-006959-24.

De Marco & De Marco, attorneys for appellant (Michael P. De Marco, on the briefs).

Diane Brunda, self-represented respondent.

PER CURIAM

Defendant Slavo Barbora appeals a December 20, 2024 Special Civil Part order denying his motion to vacate a November 19, 2024 default judgment in

the amount of $5,877.11, entered after a proof hearing, and in favor of plaintiff Diane Brunda. He also challenges a January 31, 2025 order denying reconsideration. For the reasons that follow, we reverse both orders, vacate the default judgment, and remand for a trial on the merits.

In her complaint, plaintiff alleged that she hired and fully paid defendant to complete renovations at her home. After he failed to complete the project, she sued him and maintained that in addition to his failure to complete and properly renovate her home in accordance with their agreement, he also failed to provide her with proof of insurance despite her requests.

In his answer, defendant denied all of plaintiff's allegations, maintained he properly completed the project for which he was hired, and filed a counterclaim in which he alleged plaintiff owed him approximately $3,300 for a separate job. His answer also quoted from a June 30, 2023 text message he received from defendant in which she expressed appreciation for the finished repairs.

The matter was initially listed for trial on October 7, 2024. All parties appeared on that date but because defendant needed an interpreter, the court adjourned the trial until October 28. The court was unable to secure an

2

interpreter for the October 28 proceeding, and trial was accordingly adjourned again to November 18 at 11:00 AM.

At 9:00 AM on November 18, the court sent an electronic communication to all parties changing the start time from 11:00 to 9:00 AM.  As detailed below, defendant maintained he was unaware of the time change because he does not review his emails daily and as a result appeared at the courthouse at approximately 10:15 AM on November 19, rather than at 9:00 AM, and was informed that:  1) trial had proceeded at 9:00 AM, 2) default was entered against him for failing to appear, 3) the court scheduled and conducted a proof hearing, 4) final judgment was entered in plaintiff's favor in the amount of $5,877.11, inclusive of costs, and 5) the court dismissed his counterclaim.

Six days later, defendant filed an application to vacate the default judgment and requested oral argument.  In support of his motion, he certified that although he inadvertently failed to appear for trial on November 19 at 9:00 AM, this was the third trial date set for the matter, and he had appeared at all prior proceedings and appeared on November 19 prior to the "originally set time."

On December 20, 2024, the court entered an order denying defendant's motion.  In its written statement of reasons, the court first noted that trial was

scheduled for 11:00 AM on November 19, 2024, and on November 18, court staff notified the parties via email that the trial had been moved to 9:00 AM for the same day. The court also noted that it entered default judgment after it had waited forty-five minutes for defendant to appear. The court further explained it conducted a proof hearing which lasted more than one hour and defendant had still not appeared at the courthouse.

The court rejected as insufficient defendant's explanation that the court erred in entering judgment against him based on the fact that he "does not use electronic communication on a daily basis." The court noted that defendant did not contest his receipt of the court's email, but only that he had not read it. The court also found that defendant was clearly aware of the pending action against him based on several notices he received, and stressed defendant's "sole excuse for not appearing was that he did not check his email." The court explained that, in any event, under Rule 4:50-1, a moving party must also establish a meritorious defense, which defendant failed to address by way of certification or otherwise.

Defendant filed a timely motion for reconsideration in which he argued, among other bases, that the court should grant reconsideration because: (1) plaintiff's complaint contained a "number of false accusations"; (2) plaintiff

4

provided "little or no evidence" to support her claims; (3) the June 30, 2023 text sent by plaintiff impeached her contentions as it "confirm[ed] [he] did a beautiful job" and which specifically contradicted plaintiff's claim for costs associated with the tarnished floors and poor paintjob; (4) he completed the job and plaintiff requested he wait for the final payment of $3,300 because "she needed to save money"; (5) bank statements of withdrawn funds for payments made to defendant allegedly confirmed plaintiff's satisfaction with his work; (6) plaintiff requested defendant perform additional work on her property after defendant completed the original job as evidenced by a July 24, 2023 text which confirmed the type of shingles defendant should buy; (7) of the lack of receipts, photos, or recordings of defendant having been paid in full or of defendant having engaged in threatening behavior contrary to the allegations in plaintiff's complaint; and (8) his ability to provide character witnesses to vouch for the quality of his workmanship and integrity.

The court denied defendant's motion in a January 31, 2025 order and issued an accompanying written opinion. After defendant filed a notice of appeal, the court submitted an amplification of its January 31, 2025 order under Rule 2:5-1(d).

I.

On appeal, defendant reprises the arguments raised before the court. Specifically, he maintains he legitimately believed his arrival at the courthouse on November 19 at 10:15 AM was timely and actually early for the 11:00 AM scheduled trial and had he reported to the courtroom to the ongoing proof hearing, the default would have been vacated pursuant to a less stringent standard. Further, he argues that his arrival at 10:15 AM and failure to appear at 9:00 AM was the result of honest oversight and excusable neglect. In addition, he maintains that nothing in the court's decision implied his oversight was willful, intentional, or malicious.

He also contends that the record is devoid of any indication that court staff attempted to contact him directly by telephone on the trial date to inquire about his whereabouts and notes that, unlike other cases, he filed both an answer and counterclaim. He maintains, he has a meritorious defense to plaintiff's claims as reflected in his answer and counterclaim, sufficient to vacate the default judgment and allow him the opportunity to "defend himself against [plaintiff's] claims."

## II.

We first address the standards of review that guide our analysis.  We review a motion to vacate final judgment under Rule 4:50-1 for an abuse of discretion.  257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417, 436 (2025); BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021).  An abuse of discretion occurs when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Savage v. Township of Neptune, 472 N.J. Super. 291, 313 (App. Div. 2022), aff'd in part, rev'd in part, 257 N.J. 204 (2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).  "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances."  Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

We also review a trial court's decision on a motion for reconsideration under an abuse of discretion standard.  Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).  That said, reconsideration is granted "only under very

7

narrow circumstances" and is only available when "'either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). In other words, "a motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Conforti v. County of Ocean, 255 N.J. 142, 169 (2023) (quoting Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015)).

We next address the applicable substantive legal principles. Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)). "[T]he rule is a carefully crafted vehicle intended to underscore the need for repose while achieving a just result." D.M.C. v. K.H.G., 471 N.J. Super. 10, 26 (App. Div. 2022) (quoting DEG, LLC v. Township of Fairfield, 198 N.J. 242, 261 (2009)). "Rule 4:50-1 provides for relief from a judgment [or order] in six enumerated

circumstances." Ibid. (quoting In re Est. of Schifftner, 385 N.J. Super. 37, 41 (App. Div. 2006)).

Equitable principles should guide the court's analysis regardless of the subsection. MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)). "It is axiomatic that an application to vacate a default judgment is 'viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached.'" N.J. Div. of Youth & Fam. Servs. v. T.J.B., 338 N.J. Super. 425, 434 (App. Div. 2001) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). Any doubt regarding an application to vacate a default judgment "should be resolved in favor of the parties seeking relief." Mancini v. EDS, 132 N.J. 330, 334 (1993) (citing Arrow Mfg. Co. v. Levinson, 231 N.J. Super. 527, 534 (App. Div. 1989)).

"Rule 4:50-2 provides the time frame within which a motion seeking relief under Rule 4:50-1 must be filed." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Pursuant to Rule 4:50-2, "[t]he motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of R[ule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." Ibid. Motions under "subsections (d), (e) and (f) must be brought within

9

a 'reasonable time,' which could be more or less than one year after the judgment, depending on the circumstances." Ibid. "[A] reasonable time is determined based upon the totality of the circumstances." Ibid.

We note that the court did not identify the specific section of Rule 4:50-1 upon which it relied to deny defendant's application, nor has defendant specified which subsection he contends supports his arguments. The record, however, informs our consideration that the applicable sections are Rule 4:50-1(a) and (f), and we accordingly discuss the relevant legal principles associated with each subsection.

Under Rule 4:50-1(a), "a defendant seeking to reopen a default judgment because of excusable neglect must show that the failure to answer was excusable under the circumstances and that a meritorious defense is available." Id. at 298 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 284 (1994)). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 468 (2012) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 335 (1993)).

A-1772-24

Rule 4:50-1(f) is a "catch-all" provision incapable of categorization. DEG, LLC v. Township of Fairfield, 198 N.J. 242, 269-70 (2009). It allows for relief in "exceptional situations" where hardship has been shown and, as such, its "boundaries 'are as expansive as the need to achieve equity and justice.'" Roberto, 259 N.J. at 436 (quoting Hous. Auth. of Morristown, 135 N.J. at 290). We have further recognized "important factors" to be considered in deciding whether relief in such circumstances should be granted, including "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995).

Although not expressly stated in Rule 4:50–1, it is well-settled that a defendant claiming excusable neglect must also demonstrate he or she has a meritorious defense. Marder v. Realty Const. Co., 84 N.J. Super. 313, 318 (App. Div. 1964). A party's motion to open a judgment under Rule 4:50–1 must be supported by sufficient facts to establish a meritorious defense. "The failure to plead the details of the meritorious defense is fatal to an application for reopening of a judgment." Id. at 318–19. Bald allegations do not give rise to proof necessary to meet the standard necessary to set aside a final judgment.

See Del Vecchio v. Hemberger, 388 N.J. Super. 179, 187 (App. Div. 2006). "A just, sufficient and valid defense to the original cause of action stated in clear and unmistakable terms is a prerequisite to opening a judgment." Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953). In some cases, the merit of a defense may be apparent on the face of the complaint. See Rosenberg v. Bunce, 214 N.J. Super. 300, 304 (App. Div. 1986). ("[W]e perceive from the face of the complaint, answer and other pleadings genuine issues as to liability and damages.")

The justification for requiring a showing of a meritorious defense is simple. There is little point in setting aside a default judgment, sacrificing interests in repose and burdening a plaintiff and the court with additional litigation, if the ultimate result will inevitably be the same. See Schulwitz, 27 N.J. Super. at 561. "'It would create a rather anomalous situation if a judgment were to be vacated on the ground of mistake, accident, surprise or excusable neglect, only to discover later that the defendant had no meritorious defense.'" US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 469 (2012) (quoting Shulwitz, 27 N.J. Super. at 561). "'The time of the courts, counsel and litigants should not be taken up by such a futile proceeding.'" Ibid.

Relatedly, Rule 1:2-4(a)(c) allows a trial judge to strike an answer for failure of a defendant to appear for trial "without just excuse." It is well established that such a severe sanction should be imposed sparingly. See Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115-116 (2005).

Against this background, we conclude the court abused its discretion when it denied defendant's application to vacate the default judgment and denied reconsideration. Here, the judge declined to vacate the default judgment because defendant failed to "establish [] both excusable neglect and a meritorious defense." Defendant, however, explained his failure to appear at the 9:00 AM trial was due to having "assumed no change [in time] and arrived at the courthouse at 10:15 AM to appear at the originally set time [of] . . . 11[:00 AM]." The court's decision failed to acknowledge that defendant was merely late to the courthouse by a total of one hour and fifteen minutes for the rescheduled 9:00 AM trial and nonetheless arrived timely with respect to the original 11:00 AM trial date.

Moreover, although the judge's written amplification stated it "periodically sen[t] staff to search for defendant in the hallways of the [c]ourthouse," the court did not make any express finding that, in fact, defendant did not appear that day, the court only found that the court's staff could not locate

him. Further, despite the court's change in the time for the trial, which we note again was but twenty-four hours before the previously scheduled time, nothing in the record suggests defendant was notified other than by email. We disagree that the slight delay in defendant's arrival for the rescheduled trial failed to establish excusable neglect, under the circumstances. See U.S. Bank Nat'l Ass'n, 209 N.J. at 468.

Additionally, the judge never considered vacating the default judgment under Rule 4:50-1(f). Here, there are more than sufficient grounds for relief under subsection (f). Defendant did not deliberately fail to appear at trial, as evidenced by defendant's physical presence at the courthouse at 10:15 AM on November 19. Additionally, defendant filed his application to vacate six days after the default judgment was entered. See Parker, 281 N.J. Super. at 593. Further, we discern no resulting prejudice to plaintiff by vacating the default judgment and scheduling a new trial because the parties will have a chance to present arguments on the merits. See Ibid.

This is not a case in which defendant simply ignored the summons and complaint by failing to provide an answer. Rather, defendant filed a timely answer and counterclaim and appeared at all prior proceedings. Although in a perfect world, defendant should have learned of the amended time for the

November 19 trial date by conscientiously reviewing his emails, the reasons he articulated for his failure to appear for trial were not unreasonable. See U.S. Bank Nat'l Ass'n, 209 N.J. at 468.

With respect to defendant's meritorious defense, we note defendant's August 20, 2024 answer specifically alleged plaintiff actually owed him $3,300 that both jobs were completed, and there are text messages which provide that plaintiff was satisfied with defendant's work. These facts, which were reprised in defendant's supporting motion papers for reconsideration, sufficiently support defendant's claim that he possesses a meritorious defense, at least for purposes of vacating the final judgment. See Schulwitz, 27 N.J. Super. at 561.

Finally, we note in its amplification the court explained it entered default judgment and dismissed defendant's counterclaim due to the lack of a written contract between the parties under the Consumer Fraud Act, N.J.S.A. 56:8-151. Our review of the complaint, however, does not reveal plaintiff made such a claim. In any event, we are satisfied the record on that point, and the other issues, raised by the parties should be addressed at a hearing on the merits.

To the extent we have not specifically addressed any of the parties' remaining arguments, it is because we have determined they lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

15

The orders are reversed and judgment vacated and the matter is remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1772-24